### John McFarland KEYSER
### v.
### The UNITED STATES.
### No. 675–53.

United States Court of Claims.
June 7, 1955.

Talmadge M. Thorne, Washington, D. C., for plaintiff.

Thomas H. McGrail, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

During the years 1950 to 1953, inclusive, plaintiff was in the employ of the United States Bureau of Internal Revenue. His headquarters were at Jacksonville, Florida, where his duties consisted chiefly of examining income tax returns of individuals and corporations to ascertain whether the returns filed with the Collector of Internal Revenue at that point correctly reported incomes.

During each of those years, however, for periods ranging from 101 to 177 days he was detailed by the Bureau to the Virgin Islands to perform the duties for which he was ordered there. He was accompanied by his family. For these periods in the Virgin Islands he received a per diem allowance of $11 under the Travel Expense Act of 1949, 63 Stat. 166, 5 U.S.C.A. § 836.

Plaintiff claims he is also entitled to the additional cost of living allowance as authorized by section 207 of the Independent Offices Appropriation Act, as amended, 62 Stat. 194, 1196, 1205, 5 U.S.C.A. § 118h. Section 104 of the Supplemental Independent Offices Appropriation Act of 1949, 62 Stat. 1196, 1205, amended section 207 of the Independent Offices Appropriation Act.

The issue is whether plaintiff is entitled to reimbursement under both acts.

The General Accounting Office has ruled that plaintiff may not have reimbursement under both. Plaintiff received his per diem allowance under section 3 of the Travel Expense Act of 1949, supra, which provides that employees

"* * * while traveling on official business and away from their designated posts of duty, shall be allowed, in lieu of their actual expenses for subsistence * * * a per diem allowance to be prescribed by the department or establishment concerned, not to exceed the rate of $9 within the limits of the continental United States and in case of travel beyond the limits of the continental United States not to exceed rates established by the Director of the Bureau of the Budget for the locality in which the travel is performed."

The plaintiff was allowed $11 per day as travel pay while in the Virgin Islands.

The Civil Service regulations governing cost of living allowances do not provide for such payment when an employee is in a travel status.

The plaintiff might well have been placed in the Virgin Islands on assignment, transfer or detail, and had he so requested that arrangement might have been made and then he would have been entitled to the cost of living differential, but in that event he would not have been entitled to travel pay. He sought and obtained travel pay, which was at a higher rate than would have been allowed for travel in the continental United States. Since he was classed and received pay as in a travel status he is not entitled to the additional allowance for one who is stationed outside the continental area.

Plaintiff is not entitled to recover and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.